**Nettie P. SMOOT, Executrix of the Estate of I. A. Smoot, Deceased, Plaintiff and Appellant,**

v.

**HYDRO FLAME CORPORATION and Utah State Securities Commission, Defendants and Respondents.**

**R. Earl DILLMAN, Plaintiff and Appellant,**

v.

**HYDRO FLAME CORPORATION and Utah State Securities Commission, Defendants and Respondents.**

**Nos. 13427, 13435.**

Supreme Court of Utah.

May 14, 1974.

A. Park Smoot, Murray, for Smoot.

Brant H. Wall, Salt Lake City, for Dillman.

Macoy A. McMurray, Salt Lake City, for respondent.

HENRIOD, Justice:

Appeal from a summary judgment of no cause of action in two consolidated actions by stockholders for dividends and accounting allegedly arising out of failure by Hydro to protect the formers' rights after a merger or purchase by the latter of a previously incorporated firm in which plaintiffs were interested as stockholders. Affirmed with costs to Hydro.

In 1951, General Investment Company was born. Decedent Smoot, whose executrix is plaintiff here, was an officer and shareholder to the tune of 70,000 shares, which shares with those of other shareholders, were included in a trust administrable by one Huyler, Trustee,—which shares were escrowed with the Utah Securities Commission, to protect the public against any unauthorized or fraudulent sale of corporate stock. The corporate assets had to do with oil production on specified tracts of land, which has little, but

only historic moment here. No activity is evidenced. The deceased Smoot resigned as an officer of General Investment not long after its inception and there is nothing to indicate any interest or inclination on his part or the trustee's to pursue any claim as to stock interest after a "merger" or purchase in toto of General's assets and stock by Hydro, via written agreement and by an over the counter, above the counter, but not under the counter exchange for a specified number of shares of stock transferred by Hydro to General, all pursuant to negotiation and regular majority vote of the latter's stockholders, of which Smoot was one, by legitimate notice and meeting of the stockholders.

Sixteen years after this transaction, plaintiff claims its decedent had no knowledge of such transfer and hence the statute of limitations would not start to run until discovery, and knowledge thereof.

The facts belie and defeat such an argument. No fraud is alleged or shown. Nothing is reflected to indicate low blows, hidden microphones, smoke-filled rooms or deception.

We think and hold that plaintiffs have the wrong defendant, that couldn't have inherited the trusteeship here; that if any rights in plaintiff could have been extant, they must have been asserted against their paterfamilias,—the trustee,—long since dead and gone, and against whose corpus unfortunately there seems to be no juris at the present time.

CALLISTER, C. J., and CROCKETT, ELLETT and TUSKETT, JJ., concur.